JAMES BROWN, respondent,

*v.*

CITIZENS ICE AND COLD STORAGE COMPANY et al., appellants.

[Submitted December 11th, 1906. Decided February 2d, 1907.]

A corporation, empowered by its charter to do any act in connection with its business, and to issue bonds secured by mortgage, and to sell the same to raise money with which to erect machinery, &c., has authority to borrow money and execute a mortgage to secure the same, the clause having reference to the issuing of bonds not preventing the corporation from borrowing money and securing it by mortgage.

On appeal of the Pennsylvania Iron Works Company from a decree in the court of chancery, advised by Vice-Chancellor Bergen, who filed the following opinion:

The defendant company gave two mortgages, one for $10,000 to the complainant, another for $7,235 to Annie Lisle Balling-

all, which she assigned to the complainant. There is no dispute about the amount of the loans, nor that they represent debts due by the company, but the defendant insists that under the terms of defendant's charter, as expressed in the following words: "And the doing of any other act or acts, thing or things, incidentally to grow out of, or connected with said business or any part or parts thereof; to issue bonds secured by mortgage or mortgages upon the property and franchises of said corporation, and to sell the same for the purpose of raising money, with which to erect machinery and otherwise to improve said lands." The corporation had no authority to mortgage its property, other than for the purposes above stated, and as the money, to secure which the two mortgages were given, was not applied to the payment of debts due for "machinery and otherwise to improve said lands," the mortgages are *ultra vires,* and cannot stand as encumbrances on the land. In my opinion, the general power given a corporation, under our act to mortgage its property, is not restricted by the terms of the charter invoked. That clause has reference alone to the issuing of bonds in the usual commercial form, of a negotiable character, to be sold and passed by delivery, and was not intended to, and does not, prevent the corporation from securing to a creditor its debt by way of mortgage in common form; and the power to do so is fully conferred by the clause in the charter which authorizes the company "to do any act or thing incidentally to grow out of or in connection with said business," implying the right to borrow money and pledge its property as security.

The complainant is entitled to a decree.

*Mr. Norman Grey,* for the appellant.

*Mr. E. Ambler Armstrong,* for the respondent.

PER CURIAM.

The decree appealed from in this case is affirmed, for the reasons stated in the opinion filed in the court of chancery by Vice-Chancellor Bergen.

For affirmance—The Chief-Justice, Garrison, Fort, Garretson, Hendrickson, Pitney, Swayze, Reed, Trenchard, Bogert, Vredenburgh, Vroom, Green, Gray, Dill—15.

For reversal—None.